UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-mj-03496-JG

UNITED STATES OF AMERICA

vs.

JULIO CESAR ALVAREZ-MARTINEZ,
DAVID GOMEZ-CORADO,
JOSE RICARDO BAUTISTA-VASQUEZ,
JORGE ISAAC ORTIZ-PRECIADO, and
JUAN DAVID CADENA-MERCUA,

      Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes   __X__ No

                              Respectfully submitted,

                              BENJAMIN G. GREENBERG
                              ACTING UNITED STATES ATTORNEY

BY: _____
      KEVIN S. QUENCER
      ASSISTANT UNITED STATES ATTORNEY
      Court ID No. A5501891
      99 N. E. 4th Street
      Miami, Florida 33132-2111
      TEL (305) 961-9268
      FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.
Julio Cesar Alvarez-Martinez, David Gomez-Corado, Jose Ricardo Bautista-Vasquez, Jorge Isaac Ortiz-Preciado, and Juan David Cadena-Mercua,

Case No. 17-mj-03496-JG

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 31, 2017** in International Waters, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 70503(a)(1) and 70506(b) | On board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the district at which the defendants first entered the United States, conspiracy to possess with intent to distribute a controlled substance, that is, a mixture and substance containing 5 kilograms or more of cocaine. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Jeremy Youngblood, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/31/2017

*Judge's signature*

City and state: Miami, Florida

Jonathan Goodman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jeremy Youngblood, first being duly sworn, depose and state:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA) and have been so employed since May 2012. I am presently assigned the Miami Field Division where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a Special Agent with DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance, the control and administration of confidential sources, international drug importations, and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause for the arrest of Julio Cesar ALVAREZ-Martinez, David GOMEZ-Corado, Jose Ricardo BAUTISTA-Vasquez, Jorge Isaac ORTIZ-Preciado, and Juan David CADENA-Mercua for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, having knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United

States.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5. On August 31, 2017, while on routine patrol in the Eastern Pacific Ocean, a marine patrol aircraft (MPA) detected a go-fast vessel (GFV) 300 nautical miles southwest of the Guatemala/El Salvador border in international waters. The United States Coast Guard Cutter (USCGC) James was 15 nautical miles away and diverted for intercept. The USCGC deployed their over-the-horizon (OTH) vessel and helicopter to intercept the GFV.

6. The helicopter utilized warning shots and disabling fire ultimately making the GFV dead in the water. The OTH arrived on scene and obtained positive control of the GFV. The USCG boarding team observed no flag flown, no registration documents, a registration number CCP-56-30-2017, no home port on the hull, and a vessel name of IAN. The USCG boarding team observed five occupants on board who identified themselves as Julio Cesar ALVAREZ-Martinez (Guatemalan), David GOMEZ-Corado (Guatemalan), Jose Ricardo BAUTISTA-Vasquez (Ecuadorian), Jorge Isaac ORTIZ-Preciado (Ecuadorian), and Juan David CADENA-Mercua (Colombian). The captain of the vessel claimed Guatemalan nationality for the vessel and himself. The Government of Guatemala was contacted. The Government of Guatemala

confirmed nationality of the vessel and authorized a boarding.

8. Under the authority of Guatemala, the USCG boarding team boarded the GFV and recovered 647 kilograms of cocaine. A field test was conducted by the USCG, which yielded positive results for cocaine.

7. On October 30, 2017, the USCG transferred custody of the defendants to United States law enforcement officers. On that same date, the defendants were brought to the Southern District of Florida where they first entered the United States.

8. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that, ALVAREZ-Martinez, GOMEZ-Corado, BAUTISTA-Vasquez, ORTIZ-Preciado, and CADENA-Mercua, while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, that is, five kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
JEREMY K. YOUNGBLOOD, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before
me this the  31  day of October, 2017.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE