UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 16-20805-Cr-WILLIAMS

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.

**JORGE ISAAC ORTIZ-PRECIADO**,

        **Defendant.**

_____/

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The Defendant, **JORGE ISAAC ORTIZ-PRECIADO**, by and through undersigned counsel, hereby files his Objections to the Presentence Investigation Report ("PSR"). In support, the Defendant states:

1. On August 31, 2017, the Defendant was one of five individuals apprehended by the United States Coast Guard while onboard a boat in the Eastern Pacific Ocean while transporting 647 kilograms of cocaine. Mr. Ortiz-Preciado is a native of Ecuador who has earned his living as a fisherman. He had been recruited by an individual known as "El Diablo" to transport cocaine to Guatemala. El Diablo promised to pay him $2000.00 USD up front and $15,000.00 USD upon successful delivery of the cocaine.

Mr. Ortiz-Preciado was driven to Esmereldas, Ecuador where he boarded a boat with one of the co-defendants, Jose Ricardo Bautista-Vasquez. Mr. Ortiz-Preciado was given a satellite phone to communicate with other unknown individuals who would provide instructions and a GPS device which was programmed with coordinates of where he would meet other boats to receive cocaine and periodically refuel.

The Defendant drove the boat to the first programmed set of coordinates where they met another boat which contained the cocaine, which was loaded onto the boat occupied by Mr. Ortiz-Preciado and Mr. Bautista-Vasquez. The co-defendant, Juan David Cadena-Mercua also boarded their boat at that location. Mr. Ortiz-Preciado was instructed that as they approached Guatemala, they would be met by another boat, whose occupants would take them ashore.

Over the course of three days they stopped to refuel three times at coordinates where larger refueling ships were waiting. At the last refueling stop they waited for the escort's boat to arrive and take them to Guatemala. Subsequently, the co-defendants, Julio Cesar Alvarez-Martinez and David Gomez-Corado arrived to escort the cocaine, which was loaded onto their boat, after which all five men set off towards Guatemala. During the trip to shore, the boat and its occupants were interdicted by the U.S. Coast Guard. Mr. Ortiz-Preciado and the four co-defendants were kept onboard the Coast Guard Cutter until October 30, 2017, when they were released to the DEA in Miami, Florida – a period of two months!

2. At paragraph 16 of the PSR, it concludes that "[n]o role adjustment is recommended" for Mr. Ortiz-Preciado. Consequently, Total Offense Level 35 is attributed to Mr. Ortiz-Preciado, resulting in an advisory guideline range of 168 to 210 months imprisonment. The PSR also concludes that the Defendant is not entitled to a two-level reduction pursuant to U.S.S.G. §2D1.1(b)(17), as he has not satisfied the criteria set forth in U.S.S.G. §5C1.2(5).

The Defendant objects and submits that he is entitled to a two-level reduction for minor role pursuant to U.S.S.G. §3B1.2(b), and an additional two-level reduction pursuant

to U.S.S.G. §2D1.1(b)(17), as he has satisfied the criteria set forth in U.S.S.G. §5C1.2(5)[1]. Application of a minor role reduction will then operate to decrease the Base Offense Level by an additional four-levels pursuant to U.S.S.G. §2D1.1(a)(5). After application of a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. §3E1.1, the resulting Total Offense Level should be Level 27, which translates to an advisory guideline range of 70 to 87 months.

      3.  This Honorable Court has encountered numerous cases which are similar, if not virtually identical to the case at bar. It is well known that producers and owners of large quantities of cocaine enlist impoverished, uneducated individuals living in poverty-stricken regions of Central American countries to transport the cocaine to predetermined destinations in the international distribution chain. These transporters are promised payment which will enable them to improve the living conditions for their families, which they accept, notwithstanding the risk of being caught and incarcerated. There are numerous individuals involved in these ventures in addition to the producers and owners, including the recruiters, the persons involved in logistics, the workers on the refueling boats, the individuals who escort the cocaine ashore, the individuals on land who receive the cocaine and the remining persons in the distribution chain who transport the cocaine to its ultimate destination.

      The Defendant, Jorge Ortiz-Preciado is but one cog in a vast machine which endlessly churns out cocaine from South America to Central America to the rest of the world. His knowledge of the scope of the enterprise is limited to his personal involvement.

---

[1] The United States has agreed that the Defendant has supplied a safety valve statement which qualifies for the additional two-level reduction of U.S.S.G. §2D1.1(b)(17).

He had no involvement in, or knowledge of, the planning which goes into the distribution of the cocaine. All he knows is his limited role as a transporter of the cocaine.

    4. In the recent case of *United States v. Colorado, 716 Fed.Appx. 922, 924 (11th Cir. 2017)*, the court reiterated the analysis in which the trial court must engage when determining a defendant's eligibility for minor role in a drug conspiracy:

> When evaluating a defendant's role in an offense, the district court must consider the totality of the circumstances, U.S.S.G. § 3B1.2, comment n.3(C), assessing "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999)(en banc). The district court is under no obligation to make "specific subsidiary findings," but it must "clearly resolve[ ] any disputed factual issues" and make "the ultimate determination of the defendant's role in the offense." *Id. at 939-40* (emphasis omitted). The commentary to U.S.S.G. § 3B1.2 confirms the fact-intensive nature of this inquiry. The commentary provides a non-exhaustive list of factors for the district court to consider, including, among other things, "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," "the degree to which the defendant exercised decision-making authority," "the nature and extent of the defendant's participation in the commission of the criminal activity," and "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2, cmt. n.3(C). "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." *Id.*

Applying the factors of U.S.S.G. § 3B1.2, cmt. n.3(C) to the case at bar, it is clear that this Defendant, Jorge Ortiz-Preciado, an uneducated fisherman did not understand – much less consider – the scope and structure of the criminal activity. He knew his role was to transport the cocaine from Esmereldas, Ecuador to an unknown place in Guatemala. He had no involvement in the planning or organizing of the venture, which is evidenced by

the fact that the coordinates for the refueling of the boat and ultimate destination were already pre-programmed into the GPS device he was given. Nor did he have any decision-making authority. The nature and extent of his participation was to drive the boat, an act which, while necessary to the transportation, can be performed by anyone. Essentially, the actors assuming that role are fungible. Finally, while Mr. Ortiz-Preciado was promised a total of $17,000.00 USD for his participation, all he received was $500.00 USD to buy food and provisions for the trip to Guatemala.

    5. In the final analysis, this Defendant's role in the offense is clearly minor, and the Court may so conclude. Should this Honorable Court grant these Objections to the PSR, the Defendant's advisory guideline range will be 70 to 87 months. However, the Court is constrained by the 10-year minimum mandatory sentence required by law. The Defendant submits that the totality of the circumstances militates in favor of granting him a minor role reduction.

    **WHEREFORE,** THE Defendant, **JORGE ISAAC ORTIZ-PRECIADO** moves this Honorable Court to grant these Objections to the Presentence Investigation Report.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of May 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kevin Quencer, AUSA (Kevin.Quencer@udsdoj.gov) U.S. Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132, and all defense counsel of record.

Respectfully submitted,

/s/ Barry M. Wax
**Barry M. Wax**
Florida Bar No. 509485
**LAW OFFICES OF BARRY M. WAX**
701 Brickell Avenue
Suite 1550
Miami, Florida 33131
Telephone (305) 373-4400
Facsimile (305) 728-5139
barry@barrywax.com