UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
<u>MIAMI DIVISION</u>
CASE NUMBER 17-20805-CR-KMW

UNITED STATES OF AMERICA


    **vs.**

JULIO CESAR ALVAREZ-MARTINEZ,


Defendant

---

<u>TRIAL PROCEEDINGS HELD 3-29-18</u>
BEFORE THE HONORABLE KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT COURT JUDGE

---

<u>APPEARANCES:</u>

FOR THE UNITED STATES:    KEVIN QUENCER, A.U.S.A.
    SHARAD MOTIANI, A.U.S.A.
    **99 N.E. 4th Street**
    Miami, FL  33132

FOR THE DEFENDANT:    JACK R. BLUMENFELD, ESQ.
    **2655 LeJeune**
    Coral Gables, FL 33134

REPORTED BY:    PATRICIA SANDERS, RPR
    United States Court Reporter
    400 North Miami Avenue, Suite 11-3
    Miami, FL  33128
    T: 305.523.5528
    patricia_sanders@flsd.uscourts.gov.

09:07    1          THE COURT:  Good morning, everyone. We are ready to

09:07    2   commence our charge conference.

09:07    3          And I take it, Mr. Blumenfeld, you have the packet

09:07    4   the Government has submitted.

09:07    5          MR. BLUMENFELD: Yes, Your Honor.

09:07    6          THE COURT:  Very good.  We will go through those

09:07    7   instructions first, and then we will talk about the theory of

09:07    8   defense instruction.

09:07    9          So, we will turn to docket entry 31. We will start on

09:07   10   page one, Court's instruction to the jury. Any objection?

09:08   11          MR. MOTIANI: Not from the Government.

09:08   12          THE COURT:  Mr. Blumenfeld.

09:08   13          MR. BLUMENFELD: No, Judge.

09:08   14          THE COURT:  Page two; duty to follow instructions and

09:08   15   the presumption of innocence.  Any objection?

09:08   16          MR. MOTIANI: No, Your Honor.

09:08   17          MR. BLUMENFELD: No, Your Honor.

09:08   18          THE COURT:  And B 2.2; we won't need that. Everyone is

09:08   19   agreed?

09:08   20          MR. MOTIANI: Yes, Your Honor.

09:08   21          MR. BLUMENFELD: Yes, Judge.

09:08   22          THE COURT:  Page four, definition of reasonable doubt;

09:08   23   any objection?

09:08   24          MR. MOTIANI: No, Your Honor.

09:08   25          MR. BLUMENFELD: No, Your Honor.

09:08    1         THE COURT:   Page five, credibility of witnesses; any

09:08    2   objection?

09:08    3         MR. MOTIANI: No, Your Honor.

09:08    4         MR. BLUMENFELD: No, Your Honor.

09:08    5         THE COURT:   Page six, direct and circumstantial

09:08    6   evidence; any objection?

09:08    7         MR. MOTIANI: No, Your Honor.

09:08    8         MR. BLUMENFELD: No, Your Honor.

09:08    9         THE COURT:   Page seven, impeachment of witnesses; any

09:08   10   objection?

09:08   11         MR. MOTIANI: No, Your Honor.

09:08   12         MR. BLUMENFELD: No.

09:08   13         THE COURT:   Expert witnesses on page eight; any

09:09   14   objection?

09:09   15         MR. MOTIANI: No.

09:09   16         MR. BLUMENFELD: No objection.

09:09   17         THE COURT:   Identification testimony; any objection?

09:09   18         MR. BLUMENFELD: I don't think identification is an

09:09   19   issue here, Judge.

09:09   20         THE COURT:   Well, the witnesses said that it was your

09:09   21   client they discovered on the boat.

09:09   22         MR. MOTIANI: We have had multiple witnesses identify

09:09   23   the defendant throughout the trial.

09:09   24         THE COURT:   I think if the Government is asking for

09:09   25   the instruction I should give it.

| | | |
|---|---|---|
| 09:09 | 1 | Do you have any objection to the content? |
| 09:09 | 2 | MR. BLUMENFELD: No; it is a pattern instruction. |
| 09:10 | 3 | THE COURT:  Statement of defendant; any objection? |
| 09:10 | 4 | MR. MOTIANI: No, Your Honor. |
| 09:10 | 5 | MR. BLUMENFELD: No objection. |
| 09:10 | 6 | THE COURT:  All right. The testimony of accomplice; |
| 09:10 | 7 | any objection? |
| 09:10 | 8 | MR. BLUMENFELD: No, Judge. |
| 09:10 | 9 | MR. MOTIANI: No objection. |
| 09:10 | 10 | THE COURT:  Notetaking. |
| 09:10 | 11 | MR. BLUMENFELD: No objection. |
| 09:10 | 12 | MR. MOTIANI: No objection. |
| 09:10 | 13 | THE COURT:  Introduction to offense; any objection? |
| 09:10 | 14 | MR. BLUMENFELD: No objection. |
| 09:10 | 15 | MR. MOTIANI: No objection. |
| 09:10 | 16 | THE COURT:  Discussion of conspiracy; any objection? |
| 09:10 | 17 | MR. MOTIANI: No, Your Honor. |
| 09:10 | 18 | MR. BLUMENFELD: No, Your Honor. |
| 09:10 | 19 | THE COURT:  The possession instruction; any objection? |
| 09:10 | 20 | MR. MOTIANI: No, Your Honor. |
| 09:10 | 21 | MR. BLUMENFELD: No objection. |
| 09:11 | 22 | THE COURT:   Aiding and abetting; any objection? |
| 09:11 | 23 | MR. MOTIANI: No. |
| 09:11 | 24 | MR. BLUMENFELD: No objection. |
| 09:11 | 25 | THE COURT:  Knowingly and willfully; any objection? |

09:11   1          MR. MOTIANI: No objection.

09:11   2          THE COURT:  Evidence of flight.

09:11   3          MR. BLUMENFELD: I would object to that.

09:11   4          MR. MOTIANI: We agree it can be taken out.

09:11   5          THE COURT:  All right.  Going to page 25, caution as

09:11   6    to punishment, any objection?

09:11   7          MR. MOTIANI: No, Your Honor.

09:11   8          MR. BLUMENFELD: No, Judge.

09:11   9          THE COURT:  Duty to deliberate.

09:11   10         MR. MOTIANI: No objection.

09:11   11         MR. BLUMENFELD: No objection.

09:12   12         THE COURT:  The final instruction on the jury verdict;

09:12   13   any objection?

09:12   14         MR. MOTIANI: No.

09:12   15         MR. BLUMENFELD: No, Your Honor.

09:12   16         THE COURT:  The jury verdict form itself; any

09:12   17   objection?

09:12   18         MR. BLUMENFELD: No objection.

09:12   19         MR. MOTIANI: No objection, Your Honor.

09:12   20         THE COURT:  All right.  Let's talk about the proposed

09:12   21   theory of defense. Mr. Blumenfeld, I don't know what you want

09:12   22   me to do here because I do not believe that what you are

09:12   23   proposing is the law.

09:13   24         So here is what I propose; to convict the defendant

09:13   25   the Government must prove beyond a reasonable doubt each

09:13  1   element of each of the crimes charged. The defendant's theory

09:13  2   of defense is that the defendant intended to turn the cocaine

09:13  3   over to the Guatemalan Navy or other Guatemalan authorities and

09:13  4   did not intend to distribute the cocaine to other third

11:47  5   parties.

11:47  6        And I think that is as far as I can go. Because the

09:14  7   standard of proof you have set forth I think is problematic.

09:14  8        MR. BLUMENFELD:  What about the last sentence, Judge?

09:14  9        THE COURT:  I think it is enough to say the Government

09:14  10  must prove all of the elements and that your theory is that he

09:14  11  did not intend to distribute it to third parties; and he wanted

09:14  12  to find the Guatemalan Navy. I don't how much more though we

09:14  13  can discuss.

09:15  14       MR. QUENCER: Your Honor, we would have no problem with

09:15  15  that instruction in this instance. I think there is an academic

11:48  16  discussion to perhaps be had for another day, but not at this

11:48  17  trial.

11:48  18       I think in this case the Court is giving the theory of

11:48  19  defense instruction that you are giving, and it does not go

11:48  20  beyond what it should in terms of this burden shifting that he

11:48  21  is doing in paragraph 3.

09:15  22       And the cases we cited to the Court seem to indicate

09:15  23  that while he may be able to argue he did not have the unlawful

11:49  24  intent necessary for a conspiracy I don't know that -- we think

11:49  25  your instruction is actually beneficial to the defense because

11:49  1    it goes beyond what we think the case law states; that for a

11:49  2    straight substantive possession with intent to distribute good

11:49  3    intention or good motives is not a defense.

09:16  4            But in this case on this day -- and again we are not

09:16  5    binding the Government to another case on another day -- but we

09:16  6    think that the broader instruction which you are offering is

09:16  7    appropriate.

09:16  8            THE COURT:  Mr. Blumenfeld.

09:16  9            MR. BLUMENFELD: The problem with it is the Court does

09:16  10   not tell the jury if they believe or if they have a doubt in

09:16  11   that theory they should find him not guilty.

09:16  12           THE COURT:  I have been struggling with this since you

09:17  13   gave me the instruction. I can't tell the jury this constitutes

09:17  14   reasonable doubt.

09:17  15           Certainly I do not have enough for a Rule 29.  I have

09:17  16   your client who is saying this; but there is no independent

09:17  17   corroboration.  There is no phone call; there are no flares,

09:17  18   there is just your client saying in my mind's eye this is what

09:17  19   was going to happen.

09:17  20           And the Government argues that is essentially "I am

09:17  21   not guilty", which is covered by the other instructions.  But

09:17  22   since your client took the stand and articulated this as his

09:18  23   defense I think it is appropriate to tell the jury that is your

09:18  24   theory of defense and you will be arguing it.

09:18  25

09:18  1          But I don't how much further I can go.

09:18  2          MR. BLUMENFELD: I was not asking Your Honor to say it

09:18  3  is a reasonable doubt. I was basically asking Your Honor to

09:18  4  tell the jury that would be a defense to the charge; perhaps

09:18  5  phrasing it that way.

09:18  6          And to be honest with you, the last sentence in my

09:18  7  requested instruction I had some difficulty in how to phrase it

09:18  8  too, and it's the best I could come up with.

11:50  9          But the requested instruction and theory of defense is

09:18  10 so the jury knows this is what the defense is arguing; and that

09:18  11 it would be a defense to the charge.

09:18  12         THE COURT:  I think by virtue of the fact it is in the

09:18  13 instructions, and I am telling them these are my instructions

09:18  14 to you on the law and this is his defense, that is sufficient.

09:18  15         That is really the dilemma we are in since none of us

09:19  16 could really find a case where this is set out as a factually

09:19  17 sound or a factually appropriate defense; or really a legally

09:19  18 appropriate defense.

09:19  19         All of the cases which I found had to do with apparent

09:19  20 authority; CI's that went out on their own and set up their own

09:19  21 sting and said they were working for the Government.

09:19  22         MR. BLUMENFELD: Those defenses, like this one, went to

09:19  23 the intent.

09:19  24         THE COURT:  There was in the discussion an analysis of

09:19  25 the record and many more facts other than "what I was thinking"

09:19  1        And under that rubric I think you have satisfied the

09:20  2  mere scintilla of evidence; and therefore I should articulate

11:51  3  to the jury what your theory of defense is in my instructions,

09:20  4  but I don't know what else to say beyond that.

09:20  5        MR. BLUMENFELD: All right, Judge.

09:20  6        THE COURT:  I am going to go back and finalize the

09:20  7  instructions before the jury arrives.

09:21  8        Before I do; Mr. Quencer, do we have a laptop that we

09:21  9  can send back with the jury to look at the video?

09:21 10        MR. QUENCER: Your Honor, our office is bringing one

09:21 11  over later this morning; so it will be ready to go by the time

09:21 12  we send the jury out for their deliberations.

09:21 13        THE COURT:  And I know that we have had issues in the

09:21 14  past with the password and such.

09:21 15        MR. QUENCER: I will call my office to make sure we

09:21 16  don't have any issue in that regard.

09:21 17        THE COURT:  All right. Do you know if there is going

09:21 18  to be a sticker or something on the laptop giving us a password

09:21 19  of how to get into it so the jury can operate it?

09:21 20        MR. QUENCER: I believe so, Your Honor; but I will

09:23 21  check.

09:23 22        THE COURT:  Thank you, Mr. Quencer. Do the parties

09:23 23  wish for me to instruct before or after closing argument?

09:23 24        MR. QUENCER: I am fine with after.

09:23 25        MR. BLUMENFELD: That's fine.

09:23  1      THE COURT:  All right.  And how much time would you

09:23  2  like for closing?

09:23  3      MR. QUENCER: 30 minutes; 15 and 15.

09:24  4      MR. BLUMENFELD: I would ask for 45 minutes.

09:24  5      THE COURT:  All right. I will give 45 minutes a side.

09:24  6  And, Mr. Quencer, I do not allow the division of the first

09:24  7  argument and the rebuttal to be half and half.  You can have 40

09:24  8  and 20 or you can have 15 and 5, but it can't be half and half.

09:24  9      MR. QUENCER: Understood.

09:24  10      THE COURT:  All right.  I will go back and get the

09:25  11  instructions finalized.  And I will return at about ten of with

09:25  12  the instructions so that the parties can take a look to make

09:25  13  sure everything is as it should be and that there are no typos

09:25  14  or anything out of place.

10:04  15                       COURT IN RECESS

10:04  16      THE COURT:  Please be seated.  You were given a copy

10:04  17  of the instructions a couple minutes ago. I found several typos

10:04  18  and made those changes.  Did any of you see anything else that

10:04  19  jumped out at you?

10:06  20      MR. QUENCER:  No, Your Honor

10:06  21      MR. BLUMENFELD:  They look fine, Your Honor.  We would

10:06  22  however maintain our objection to Your Honor not giving the

10:06  23  defendant's theory of defense instruction.

10:06  24      THE COURT:  Well, I am giving the theory of defense

10:06  25  instruction; I am not giving the language proposed by the

10:06  1    defendant. So you are objecting because I am not giving your

10:07  2    proposed language?

10:07  3              MR. BLUMENFELD: Yes, Your Honor.

10:07  4              THE COURT: All right. The jurors are all here. Is

10:07  5    everyone ready to go?

10:07  6              MR. BLUMENFELD: Yes, Your Honor.

10:08  7              MR. QUENCER: The Government is ready.

10:08  8              THE COURT:  Bring in the jury, please.

10:08  9              COURT SECURITY OFFICER:  All rise, please.

10:09  10             THE COURT:  Everyone may be seated. As I advised you

10:09  11   yesterday both sides have rested; meaning you have heard and

10:09  12   seen all the evidence in this matter.

10:09  13             You are now going to hear from both sides as they

10:09  14   present their closing arguments. I will tell you again in my

10:09  15   final instructions, as I have said before, these arguments by

10:09  16   the lawyers are not evidence but they are meant to assist you

10:10  17   in making your determinations of fact and rendering ultimately

10:10  18   a verdict.

10:10  19             So I ask that you give the same attention and focus as

10:10  20   you have given during the entire trial to the lawyers as they

10:10  21   deliver their closing arguments.

10:10  22             CLOSING ARGUMENTS NOT TRANSCRIBED.

01:28  23             THE COURT:  All right. Ladies and gentlemen, you have

01:28  24   now heard the closing arguments in this case, and as I told you

10:43  25   the other day, you have heard all of the evidence you are going

1   to receive in the case. It is now incumbent upon me to give you

2   my final instructions on the law.  And you will have these

3   instructions with you while you are deliberating; but for the

4   time being just listen to my instructions to you.

5        As I just told you, it is my duty to instruct you on

6   the rules of law that you must use in deciding this case.

7        After I have completed these instructions you will go

8   to the jury room and begin your discussions; what we call your

9   deliberations.

10       You must decide whether the Government has proved the

11  specific facts necessary to find the defendant guilty beyond a

12  reasonable doubt.

13       Your decision must be based only on the evidence

14  presented during the trial.  You must not be influenced in any

15  way by either sympathy for or prejudice against the defendant

16  or the Government.

17       You must follow the law as I explain it even if you

18  do not agree with the law.  And you must follow all of my

19  instructions as a whole.  You must not single out or disregard

20  any of my instructions on the law.

21       The indictment or formal charge against the defendant

22  is not evidence of guilt.  The law presumes every defendant is

23  innocent.  The defendant does not have to prove his innocence

24  or produce any evidence at all.

25

1       The Government must prove guilt beyond a reasonable

2   doubt.   If it fails to do so, you must find the defendant not

3   guilty.

4       The Government's burden of proof is heavy, but it does

5   not have to prove the defendant's guilt beyond all possible

6   doubt.   The Government's proof only has to exclude any

7   reasonable doubt concerning the defendant's guilt.

8       A reasonable doubt is a real doubt based on your

9   reason and common sense after you have carefully and

10  impartially considered all of the evidence in the case.

11      Proof beyond a reasonable doubt is proof so convincing

12  that you would be willing to rely and act on it without

13  hesitation in the most important of your own affairs. If you

14  are convinced that the defendant has been proved guilty beyond

15  a reasonable doubt, say so. If you are not convinced, say so.

16      Now, when I say you must consider all of the evidence,

17  I do not mean that you must accept all the evidence as true or

18  accurate.

19      You should decide whether you believe what each

20  witness had to say and how important that testimony was.

21      In making that decision, you may believe or disbelieve

22  any witness in whole or in part. The number of witnesses

23  testifying concerning a particular point does not necessarily

24  matter.   To decide whether you believe any witness, I suggest

25  you ask yourself a few questions:

1          Did the witness impress you as one who was telling the

2  truth?

3          Did the witness have any particular reason not to tell

4  the truth?

5          Did the witness have a personal interest in the

6  outcome of the case?

7          Did the witness seem to have a good memory?

8          Did the witness have the opportunity and ability to

9  accurately observe the things he or she testified about?  Did

10  the witness appear to understand the questions clearly and

11  answer them directly?

12          Did the witness's testimony differ from other

13  testimony or other evidence?

14          As I said before, you must consider only the evidence

15  that I have admitted in the case. Evidence includes the

16  testimony of witnesses and the exhibits admitted.

17          But anything the lawyers say is not evidence and isn't

18  binding on you. You shouldn't assume from anything I have said

19  that I have any opinion about any factual issue in this case.

20          Except for my instructions to you on the law, you

21  should disregard anything I may have said during the trial in

22  arriving at your own decision about the facts.

23          Your own recollection and interpretation of the

24  evidence is what matters. In considering the evidence you may

25  use reasoning and commonsense to make deductions and reach

conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial. Direct evidence is the testimony of a person who asserts that he or she has actual knowledge of a fact such as an eyewitness.

Circumstantial evidence is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact and ask whether there was evidence that at some other time a witness said or did something or did not say or do something that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean that a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately.

So, if a witness misstated something you have to decide whether it was because of an innocent lapse in memory or an intentional deception.

The significance of your decision may depend on whether the misstatement is about an important fact or an unimportant detail.

04:00   1        When scientific technical or other specialized

04:00   2   knowledge might be helpful a person who has special training or

04:00   3   experience in that field is allowed to state an opinion about

04:00   4   the matter.

04:00   5        But that doesn't mean you must accept the witnesses

04:00   6   opinion. As with any other witness' testimony you must decide

04:00   7   for yourself whether to rely upon the opinion.

8        The Government must prove beyond a reasonable doubt

9   that the Defendant was the person who committed the crime. If a

10   witness identifies a Defendant as the person who committed the

11   crime, you must decide whether the witness is telling the

12   truth.

13        But even if you believe the witness is telling the

14   truth, you must still decide how accurate the identification is

15   I suggest that you ask yourself questions:

16        One, did the witness have an adequate opportunity to

17   observe the person at the time the crime was committed?

18        Two, how much time did the witness have to observe the

19   person?   Three, how close was the witness? Four, did anything

20   affect the witness's ability to see? Five, did the witness know

21   or see the person at an earlier time?

22        You may also consider the circumstances of the

23   identification of the Defendant, such as the way the Defendant

24   was presented to the witness for identification and the length

25   of time between the crime and the identification of the

defendant. After examining all the evidence, if you have a reasonable doubt that the defendant was the person who committed the crime, you must find the Defendant not guilty.

If the Government offers testimony or evidence that a defendant made a statement or an admission to someone after being arrested or detained you must consider that evidence with caution and great care.

You must decide for yourself, one, whether the defendant made the statement. And, two, if so how much weight to give to it.

To make these decisions, you must consider all the evidence about the statement, including the circumstances under which it was made.

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a codefendant in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it. But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more

caution than the testimony of other witnesses. And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

Now, you have been permitted to take notes during the course of the trial.  Most of you -- perhaps all of you -- have taken advantage of that opportunity.

You must use your notes only as an aid to your memory during your deliberations.  In other words, you must not give your notes any priority over your independent recollection of the evidence.

And you must not allow yourself to be unduly influenced by the notes of other jurors.  I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Now, the indictment charges two separate crimes, they are called counts, against the defendant.  Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the defendant knowingly and willfully conspired with other persons to possess with intent to distribute five or more kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States.

Count 2 charges that the defendant committed what is called a substantive offense; that is specifically, knowingly and intentionally possessing with intent to distribute five or

11:43 1   more kilograms of cocaine while onboard a vessel subject to the

11:43 2   jurisdiction of the United States.

11:43 3       But first note that the defendant is not charged in

11:43 4   Count 1 with committing a substantive offense; he is charged

11:43 5   with conspiring to commit that offense.  And I will give you

11:43 6   specific instructions as to conspiracy.

11:43 7       Count 1 charges the defendant with conspiring to possess

11:43 8   with intent to distribute five or more kilograms of cocaine

11:43 9   while onboard a vessel subject to the jurisdiction of the

11:43 10  United States; in violation of Title 46 United States Code

11:43 11  Section 70506(b)

11:44 12      It is a separate Federal crime for anyone to conspire to

11:44 13  knowingly possess with intent to distribute five or more

11:44 14  kilograms of cocaine while onboard a vessel subject to the

11:44 15  jurisdiction of the United States.

11:43 16      Title 46 United States Code Section 70503(a)(1) makes it

10:05 17  a crime for anyone to knowingly possess with intent to

10:05 18  distribute a controlled substance; specifically five or more

10:05 19  kilograms of cocaine while onboard a vessel subject to the

10:05 20  jurisdiction of the United States.

21      A "conspiracy" is an agreement by two or more people to

22  commit an unlawful act. In other words, it is a kind of

23  "partnership" for criminal purposes.

24      Every member of the conspiracy becomes the agent or

25  partner of every other member. The Government does not have to

prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The heart of a conspiracy is the making of the unlawful plan itself so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

One, two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a controlled substance, specifically cocaine.

Two, the defendant knew the unlawful purpose of the plan and willfully joined in it.

Three, the object of the unlawful plan was to possess with the intent to distribute five or more kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the defendant guilty.

But simply being present at the scene of an event or

merely associating with certain people and discussing common

goals and interests doesn't establish proof of a conspiracy.

A person who doesn't know about a conspiracy but happens

to act in a way that advances some purpose of one doesn't

automatically become a conspirator.

The vessel in this case has been determined by the Court

to be a vessel subject to the jurisdiction of the United

States.

It is also a Federal crime for anyone onboard a vessel

subject to the jurisdiction of the United States to knowingly

possess a controlled substance with intent to distribute it.

Cocaine is a controlled substance within the meaning of

the law. The defendant can be found guilty of this crime only

if each of the following facts is proved beyond a reasonable

doubt.

One, the defendant was onboard a vessel subject to the

jurisdiction of the United States.

Two, the defendant knowingly possessed cocaine.

Three, the defendant intended to distribute the cocaine.

And, four, the weight of the cocaine was more than five

kilograms.

I instruct you as a matter of law that the vessel

involved in this case is subject to the jurisdiction of the

United States.

11:48  1       To possess with intent to distribute means to knowingly

11:48  2   have something while intending to deliver or transfer it to

11:48  3   someone else; even with no financial interest in the

11:48  4   transaction.

11:48  5       Now, the defendant is charged in the indictment with

11:48  6   possessing with intent to distribute a certain quantity or

11:48  7   weight of the alleged controlled substance.

11:48  8       But you may find the defendant guilty of the offense if

11:48  9   the quantity of the controlled substance for which he should be

11:48 10   held responsible is less than the amount or weight charged.

11:48 11       Thus, the verdict form -- which we will discuss in a few

11:49 12   moments -- with respect to the defendant will require if you

11:49 13   find the defendant guilty you must specify on the verdict your

11:49 14   unanimous finding concerning the weight of the controlled

11:49 15   substance attributable to the defendant.

11:49 16       To convict the defendant the Government must prove each

11:49 17   element of each count charged beyond a reasonable doubt.

11:49 18       The defendant's theory of defense is that defendant

11:49 19   intended to turn over the cocaine to the Guatemalan authorities

11:49 20   and did not intend to distribute the cocaine to any other third

      21   parties.

      22       The law recognizes several kinds of possession. A person

      23   may have actual possession, constructive possession, sole

      24   possession, or joint possession.

      25       "Actual possession" of a thing occurs if a person

knowingly has direct physical control of it.  "Constructive possession" of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it. "Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

It's possible to prove the defendant guilty of a crime even without evidence that the defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A defendant "aids and abets" a person if the defendant intentionally joins with the person to commit a crime.

A defendant is criminally responsible for the acts of another person if the defendant aids and abets the other person. A defendant is also responsible if the defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a defendant is criminally responsible for the acts of another person requires proof that the defendant intentionally associated with or participated in the

crime — not just proof that the defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

You'll see that the indictment charges that a crime was committed "on or about" a certain date.

The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately.

If you find the defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the defendant is guilty. If you find the defendant

guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous; in other words, you must all agree.

Your deliberations are secret, and you'll never have to Explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement.

While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.

But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that in a very real way you are judges -- judges of the facts -- and your only interest is to seek the truth from the evidence in this case. Now when you go back to the jury room you should choose one of your members to act as foreperson. The foreperson will be your guide in your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience and I will go through it with you now. It reads as follows:

We the jury in the above captioned case unanimously find as follows:  As to Count 1 in the indictment we find the

11:55  1    defendant Julio Cesar Alvarez Martinez guilty or not guilty.

11:55  2    We the jury in the above captioned case having found defendant

11:55  3    Julio Cesar Alvarez Martinez guilty of the offense charged in

11:55  4    Count 1 of the indictment further find with respect to Count 1

11:55  5    that controlled substance involved in the conspiracy to possess

11:55  6    with intent to distribute a controlled substance while onboard

11:55  7    a vessel subject to the jurisdiction of the United States

11:55  8    attributable to the defendant Julio Cesar Alvarez Martinez as a

11:56  9    result of his own conduct and the conduct of other conspirators

11:56  10   reasonably foreseeable to him is (a) more than five kilograms

11:56  11   of cocaine; (b) more than 500 grams of cocaine and (c) less

11:56  12   than 500 grams of cocaine.

11:56  13       And you will only fill that out if you find the defendant

11:56  14   guilty as to Count 1.

11:55  15       As to Count 2 in the indictment; we find the defendant

11:55  16   Julio Cesar Alvarez Martinez guilty or not guilty.

11:55  17       We the jury in the above captioned case having found the

11:55  18   defendant Julio Cesar Alvarez Martinez guilty of the offense

11:55  19   charged in Count 2 of the indictment further find with respect

11:55  20   to Count 2 that defendant Julio Cesar Alvarez Martinez

11:55  21   knowingly and intentionally possessed with intent to distribute

11:56  22   (a) more than five kilograms of cocaine; (b) more than

11:56  23   500 grams of cocaine and (c) less than 500 grams of cocaine.

11:57  24       So say we all dated; with the signature of the foreperson

11:57  25   of the jury. Once you have reached a verdict and the foreperson

11:57  1   has completed the form you will notify the court security

2   officer that you have reached a verdict.

3        You will then return to the courtroom.  If you wish to

4   communicate with me at any time please write down your message

5   or question and give it to the Court security officer.

6        The Court security officer will bring it to me, and I

7   will respond as promptly as possible, either in writing or by

8   bringing you back and talking to you in the courtroom.

9        I caution you, never at any time tell me how many jurors

10  have voted one way or the other.

11:58  11       Members of the jury, those are my final instructions to

11:58  12  you; you are now excused to go back to the jury room to begin

11:58  13  your deliberations in this case.

11:58  14       COURT SECURITY OFFICER:  All rise.

12:29  15       THE COURT:  I am going to ask you, Ms. Fernandez, if you

11:58  16  would remain behind.

11:58  17            JURY EXCUSED TO BEGIN DELIBERATIONS

12:30  18       THE COURT:  Ms. Fernandez, you are obviously our

19  alternate juror in this case, meaning that you will not be

20  going back to deliberate at this time.

21       We're going to ask you to keep in touch with us by

22  phone, just in case your services are needed.

23       Should one of the other jurors become ill or is not

24  able to continue their deliberations you would be asked to come

25  back and begin deliberations from scratch with the rest of the

12:30  1  jurors.  So we would ask you keep in touch with us by phone in

2  case we need you to come back in. We would ask you not to talk

3  about the case for a reasonable amount of time. Feel free to

4  call chambers to find out what is going on with the case.

5          We have a certificate of service for you which

6  expresses the Court's thanks, and I am sure the parties' thanks

7  for your attention, your patience, and for your commitment to

8  us.  We thank you very much.

12:33  9                   ALTERNATE JUROR EXCUSED

12:33  10         THE COURT:  All right.  Counsel, if you would go over

12:33  11  the exhibits to make certain that the appropriate evidence is

12:33  12  being sent back to the jury. If there is any issue with any of

12:33  13  the exhibits please let us know and I will come back out.

12:01  14         MR. BLUMENFELD: For the record, Your Honor, I would at

12:01  15  this time renew my objection to the Court's failure to give the

12:02  16  defendant's requested instruction.

12:02  17         THE COURT:  All right. That is preserved for the

12:02  18  record.  Are there any other objections to the instructions as

12:02  19  given?

12:02  20         MR. BLUMENFELD: No, Your Honor.

12:02  21         MR. QUENCER: No objection.

12:02  22         THE COURT:  For the record, there was a typo in the

12:02  23  instruction that said beyond an unreasonable doubt, which I

12:02  24  obviously corrected as I read it. I will take that out and put

25  in beyond a reasonable doubt before we send the instructions

| | |
|---|---|
| 1 | back. If you would please leave us your cell phone numbers in |
| 2 | case of a question or verdict. And please be within five or |
| 3 | ten minutes of a call from chambers. |
| 4 | MR. QUENCER: Yes, Your Honor. |
| 5 | THE COURT:  I would like to thank both sides for an |
| 6 | excellent trial. All right. We will be in recess until we hear |
| 7 | from the jury. |
| 8 | COURT IN RECESS |
| 9 | THE COURT:  For the record, all the parties are |
| 01:30  10 | present.  I have placed copies on counsel table of the note |
| 01:30  11 | that the jury has reached a verdict. |
| 01:30  12 | Is everyone ready? |
| 01:30  13 | MR. QUENCER: Yes, Judge. |
| 01:30  14 | MR. BLUMENFELD: Yes, Your Honor. |
| 01:30  15 | THE COURT:  Bring in our jury, please. |
| 01:30  16 | COURT SECURITY OFFICER:  All rise. |
| 01:32  17 | THE COURT:  Mr. Foreperson, I have been advised that |
| 01:32  18 | the jury has reached a verdict; is that correct? |
| 01:32  19 | THE FOREPERSON:  Yes, Your Honor. |
| 01:32  20 | THE COURT:  If you would please give the verdict to |
| 01:32  21 | the deputy clerk. |
| 01:32  22 | Mr. Hammond, please publish the jury verdict. |
| 01:32  23 | COURTROOM DEPUTY: Case No. 17-20805; United States of |
| 01:32  24 | America versus Julio Cesar Alvarez Martinez.  We the jury in |
| 11:55  25 | the above captioned case unanimously find as follows:  As to |

1    Count 1 in the indictment we find the defendant Julio Cesar

2    Alvarez Martinez guilty.

3            We the jury in the above captioned case having found

4    defendant Julio Cesar Alvarez Martinez guilty of the offense

5    charged in Count 1 of the indictment further find with respect

6    to Count 1 that controlled substance involved in the conspiracy

7    to possess with intent to distribute a controlled substance

8    while onboard a vessel subject to the jurisdiction of the

9    United States attributable to the defendant Julio Cesar Alvarez

10   Martinez as a result of his own conduct and the conduct of

11   other conspirators reasonably foreseeable to him is (a) more

12   than five kilograms of cocaine.  As to Count 2 in the

13   indictment; we find the defendant Julio Cesar Alvarez Martinez

14   guilty or not guilty.

15           We the jury in the above captioned case having found

16   the defendant Julio Cesar Alvarez Martinez guilty of the

17   offense charged in Count 2 of the indictment further find with

18   respect to Count 2 that defendant Julio Cesar Alvarez Martinez

19   knowingly and intentionally possessed with intent to distribute

20   is (a) more than five kilograms of cocaine.

21           THE COURT:  Mr. Blumenfeld, do you wish the jury

22   polled?

23           MR. BLUMENFELD: Yes, Your Honor.

24           THE COURT:  Ladies and gentlemen, counsel has

25   requested that I poll the jury, which simply means I will ask

01:34  1  you if this is your verdict.  If it is your verdict say, yes,

01:34  2  if it is not your verdict say no.

01:34  3            Mr. Cabal, is this your verdict?

01:34  4            THE JUROR: Yes.

01:34  5            THE COURT:  Ms. Rye, is this your verdict?

01:34  6            THE JUROR:  Yes.

01:34  7            THE COURT:  Ms. Cary, is this your verdict?

01:34  8            THE JUROR: Yes.

01:34  9            THE COURT: Ms. Maya, is this your verdict?

01:34  10           THE JUROR:  Yes.

01:34  11           THE COURT:  Ms. Morffi-Pla, is this your verdict?

01:34  12           THE JUROR:  Yes.

01:34  13           THE COURT: Ms. Hernandez, is this your verdict?

01:34  14           THE JUROR: Yes.

01:34  15           THE COURT:  Ms. Cenci, is this your verdict?

01:34  16           THE JUROR: Yes.

01:34  17           THE COURT: Ms. Fenelon, is this your verdict?

01:34  18           THE JUROR:  Yes.

01:34  19           THE COURT: Ms. Fernandez, is this your verdict?

01:34  20           THE JUROR: Yes.

01:34  21           THE COURT:  Ms. Guerrero, is this your verdict?

01:35  22           THE JUROR:  Yes.

01:35  23           THE COURT: Ms. Killmer, is this your verdict?

01:35  24           THE JUROR:   Yes.

01:35  25           THE COURT: Ms. Fernandez, is this your verdict?

01:35   1          THE JUROR:   Yes.

01:35   2          THE COURT:  The jury has been polled, and having

01:35   3   returned a verdict, I will excuse you from any further

01:35   4   obligation with this Court during this period.

01:35   5          I want to thank you for your time in this case.  I

01:35   6   want to again on behalf of the lawyers and all of the Judges in

01:35   7   this District thank you for your service.  As I told you in the

01:35   8   very beginning, it is really critical to the administration of

01:35   9   justice. So, on behalf of all of us involved I want to say

01:35  10   thank you for the service you rendered and to tell you, you are

01:35  11   now excused.

01:36  12                    JURY DISCHARGED

01:36  13          THE COURT:  Mr. Alvarez Martinez, the jury having

01:36  14   found you guilty of the crimes charged in Counts 1 and 2 I now

01:36  15   adjudicate you guilty.  I am going to set a sentencing date of

01:36  16   Thursday, June 28th at 10 a.m.

01:36  17          MR. BLUMENFELD: Your Honor, on June 12th I start an 11

01:36  18   defendant racketeering case in front of Judge Martinez; and he

01:36  19   has indicated that he is going to take Fridays off so if I

09:29  20   could request it be set the Friday of that week.

09:29  21          THE COURT:  All right. I will go back and take a look

09:29  22   at my calendar to see if I have that time open and then let the

09:29  23   parties know.  But it will not be a problem; I will certainly

09:29  24   accommodate you, Mr. Blumenfeld.

09:29  25          MR. BLUMENFELD: Thank you, Your Honor.

09:29   1            THE COURT: I would again like to thank both sides for

09:29   2   your professionalism in the way you tried the case; it is much

09:29   3   appreciated.

09:29   4            All right. We are adjourned.

01:37   5                      TRIAL CONCLUDED

- - -

# C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of proceedings in the above-entitled matter.

/S/PATRICIA SANDERS

_____                    _____
DATE FILED                    PATRICIA SANDERS, RPR